UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-22343-WPD

**OSCAR HERRERA,**

    Plaintiff,

vs.

**GAS BIJOUX USA CORP.,**
**a foreign for-profit corporation,**

    Defendant.

_____/

## **DEFAULT FINAL JUDGMENT**

THIS CAUSE is before the Court upon the Plaintiff's Motion for Default Final Judgment [DE 11]. The Court granted the Motion in an Order entered separately today. Pursuant to Federal Rule of Civil Procedure 58(a), the Court enters this separate final judgment.

The Court, having reviewed the Motion, and being otherwise fully advised in the premises, hereby enters a Default Final Judgment in favor of OSCAR HERRERA against Defendant GAS BIJOUX USA CORP. ("Defendant"), and hereby orders and adjudges as follows:

1. The Court declares and finds that Defendant's website, https://www.gasbijoux.com, which acts as a critical point of sale for Defendant's merchandise that is available in, from, and through Defendant's physical stores, contains access barriers and is not fully and equally accessible to blind and visually disabled users such as Plaintiff, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA").

2. Defendant shall not, no later than six (6) months from the date of this Judgment, deny any individuals with disabilities, including the Plaintiff, the opportunity to access, participate in, and benefit from the goods, services, facilities, privileges, advantages, programs, activities, and accommodations provided through its website. The website must be accessible by individuals with disabilities who use computers, laptops, tablets, and smart phones.

3. Defendant shall not, no later than six (6) months from the date of this Judgment, provide individuals with disabilities, including Plaintiff, an unequal opportunity to access, participate in, and benefit from the goods, services, facilities, privileges, advantages, programs, activities, and accommodations provided through its website, https://www.gasbijoux.com. The website must be accessible by individuals with disabilities who use computers, laptops, tablets, and smart phones.

3. No later than six (6) months from the date of this Judgment, Defendant shall adopt and implement a Web Accessibility Policy which ensures that its website conforms with the Web Content Accessibility Guidelines ("WCAG") 2.1 Level A or higher versions of web accessibility.

4. No later than six (6) months from the date of this Judgment, Defendant shall require any third-pmty vendors who participate on its website to be fully accessible to the disabled by substantially conforming with WCAG 2.1 Level A or higher versions of web accessibility.

5. No later than six (6) months from the date of this Judgment, Defendant shall make publicly available and directly link from the https://www.gasbijoux.com homepage, a statement of Defendant's Accessibility Policy to ensure that persons with disabilities, such as Plaintiff, have full and equal access to and enjoyment of its website and shall accompany the public policy statement with an accessible means, such as a specifically dedicated and manned telephone number, of submitting accessibility questions and problems.

6. No later than six (6) months from the date of this Judgment, and at least once yearly thereafter, Defendant shall provide mandatory web accessibility training to all employees who write or develop programs or code for, or who publish final content to, the

2

https://www.gasbijoux.com website on how to conform all web content and services with WCAG 2.1 Level A or higher versions of web accessibility.

7. No later than six (6) months from the date of this Judgment, and at least once every three (3) months thereafter, Defendant shall conduct automated accessibility tests of its website to identify any instances where the website is no longer in conformance with WCAG 2.1 Level A or higher versions of web accessibility. Defendant will send a copy of the quarterly reports to Plaintiffs counsel for review.

8. If Plaintiff believes this Injunction has been violated, he shall give written notice (including reasonable particulars) to Defendant of such violation. Defendant shall have thirty (30) calendar days from receipt of the written notice to investigate and co11'ect any alleged violations.

9. If Defendant fails to correct the violations, Plaintiff may then seek relief from the Court.

10. Plaintiff is also awarded his reasonable attorney's fees, costs, and expert witness expenses under the ADA, 42 U.S.C. § 12205. Based upon a review of the materials submitted by Plaintiff in support of his Motion, the Court finds that the requested $450.00 hourly rate for Plaintiff's attorney is reasonable and recoverable, and that Plaintiffs claimed attorney's fees in the amount of $6,390.00 for 14.2 hours of attorney time, taxable costs in the amount of $774.60, and expert fees in the amount of $900.00 are reasonable and recoverable. Plaintiff is thus entitled to a total award of damages, fees, costs, and expenses in the amount of $8,064.60, for which let execution issue forthwith.

11. The Clerk is directed to **CLOSE** this case and **DENY** any pending motions as moot.

3

**DONE** and **ORDERED** in Chambers in Fort Lauderdale, Florida this 10th day of October 2024.

*[signature]*

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
    Counsel of record

    Gas Bijoux USA Corp. 238 Mott Street
    New York, NY  10012

    Gas Bijoux USA Corp. 260 Elizabeth Street #7 New York, NY  10012